UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAELYN MARIE LARSON,

Plaintiff,

v.

VOLUNTEERS OF AMERICA,

Defendant.

Case No. 24-12153
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 30), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 29), GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 16), DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF NO. 31)**

---

## I.      Introduction

Plaintiff Kaelyn Marie Larson ("Larson"), proceeding pro se, sued

defendant Volunteers of American ("VOA"), her former employer, bringing

claims of wrongful termination, hostile work environment, and retaliation

under Title VII of the Civil Rights Act. ECF No. 1. This case was referred to

the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1).

ECF No. 9.

VOA moved to dismiss (ECF No. 16), and the magistrate judge

issued a Report and Recommendation ("R&R") recommending the Court

grant the motion and dismiss Larson's complaint for failure to state a claim. ECF No. 29. Larson filed timely objections, and VOA filed a response. ECF Nos. 30, 32. After the magistrate judge issued the R&R, Larson filed a motion for leave to amend complaint and to substitute correct defendant. ECF No. 31. VOA filed a response to that motion. ECF No. 33.

## II.   Analysis

### a.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the

magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues ... that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge,

does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

    b.  Objections

Larson's objections merely reiterate the arguments she made to the magistrate judge in opposition to VOA's motion to dismiss and asks the Court to make an alternate conclusion. Because her objections fail to challenge a specific finding or determination within the R&R, the Court overrules them.

    c.  Motion for Leave to Amend Complaint

Larson moves for leave to amend her complaint to correct the defendant's name; the original complaint erroneously named the national entity rather than the Michigan entity which employed her. *See* ECF No. 1. But, as noted explicitly in the R&R, it recommends dismissal for failure to state a claim, not for naming the wrong entity as the defendant. ECF No.

29, PageID.181. Larson's proposed amendment,[1] which seeks only to add the proper entity as defendant, would therefore be futile and her motion for leave to amend must be denied.

## III.    Conclusion

The Court has carefully reviewed the R&R and concurs with the conclusions reached by the magistrate judge. The Court therefore **ADOPTS** the R&R as the finding and conclusion of the Court.

Accordingly, the Court **GRANTS** VOA's motion to dismiss (ECF No. 16) and **DISMISSES** Larson's complaint. The Court **DENIES** Larson's motion for leave to amend her complaint (ECF No. 31) and **DENIES AS MOOT** all other pending motions. This matter is now closed.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: February 6, 2026                    United States District Judge

---

[1] Larson failed to attach a proposed amended complaint to her motion, as E.D. Mich. L.R. 15.1 requires, but the motion itself seeks only "to correct the defendant's name." ECF No. 31.